**AUFOTU NUA & TUITOELAU LEASAU, both of Siufaga, Ta'u, Plaintiffs**

**v.**

**ANATAGA TAUPA'U and FAAILO of Siufaga, Defendants**

## No. 33-1961

## High Court of American Samoa
### Civil Jurisdiction, Trial Division
[Land: "Suasua" in Siufaga]

## July 12, 1961

———————

Usuialii F. Siva, Counsel for Aufotu Nua and Tuitoelau. Faailo *pro se* and Tato, Assistant Counsel.

### OPINION OF THE COURT

MORROW, *Chief Judge.*

Anataga Taupa'u and Faailo filed their application with the Registrar of Titles to have certain land, described as Suasua in the application, registered as communal family land of the Faasua Family. The land is in Siufaga, Ta'u. A survey of the land accompanied the application.

Aufotu Nua in behalf of himself and Tuitoelau Laesau filed an objection to the proposed registration claiming that the land Suasua was the communal family land of the Leasau Family. Both Aufotu and Tuitoelau are from Siufaga. The Faasua title is attached to the Village of Luma while the Leasau title is attached to the Village of Siufaga. Both villages are parts of the larger Village of Ta'u on the Island of Ta'u in Manua.

Proponent Anataga Taupa'u died before the hearing. The Faasua Family was represented at the hearing by Faailo, the other proponent, who is a member of the Faasua Family. The last Faasua died in 1944, and the family has not selected a successor for him.

This land has been in the actual possession of objector Aufotu for many years. He has lived on it for 23 years, and he has also had plantations on it for many years. Aufotu built a palagi house inside the surveyed area in 1955 and has occupied it as a home ever since. He is a member of the Leasau Family and has occupied the property as such family member.

Faailo married Agatonu about 1940. Agatonu was the brother of objector Aufotu. Both were blood sons of Nua who died in 1952. Nua was married to Tauamo, the mother of Aufotu and Agatonu. Tauamo, who is still living, is a Leasau woman. While Faailo herself denied that she was a member of the Leasau Family, nevertheless her blood brother Puni testified that he had a connection with the Leasau title, and it would seem to follow that Faailo is also connected with the Leasau Family, despite her denial that she is a member of that family. Agatonu and Faailo occupied a small living house on Suasua which they put up after their marriage about 1940. They continued to occupy it until 1945 when Agatonu died. Shortly thereafter Faailo came to Tutuila leaving her children (both of whom were born in Lelealoa, Tutuila) by Agatonu with the Nua Family. In 1947 she married Tato and has lived in Tutuila ever since, returning to Manua only occasionally for a visit.

Nua, whose wife, as we have said, was Tauamo, a Leasau woman, built a guest house on Suasua in 1938. It was built on a part of Suasua not included in the surveyed part offered for registration. The part offered for registration adjoins the part on which the guest house was built. Nua, who was a district judge, used the guest house as a court

house. Aufotu lived in the guest house with his father Nua. Faailo and Agatonu also occupied it to some extent after their marriage in 1940 although they had a small living house on the surveyed tract. Puni, who, as we have said, testified that he had a connection with the Leasau, also testified that prior to the time Nua built his guest house on Suasua his uncle Lauofo had built two houses on it. Agatonu, a Leasau man through his mother Tauamo, is buried within the surveyed tract. Other Leasau people are buried on Suasua outside the surveyed tract which is only a part of Suasua. The fact that some Leasau people are buried on Suasua is a very strong indication that Suasua is Leasau land. It is the custom among Samoans to bury their dead on their own land, not on the neighbor's land.

It is a fundamental principle of law that a presumption of ownership arises from the fact of possession alone. Jones in his work on evidence states it this way:

"A presumption of ownership or title is derived from the possession of real property, the probative weight or force thereof being dependent upon the duration of the possessor's tenure. The universal favor which this presumption enjoys is evidenced by legislative recognition in substantially all jurisdictions." I Jones on evidence (4th Ed.) 133.

The editors of Corpus Juris Secundum say that:

"Possession of property is indicia of 'ownership', and a rebuttable presumption exists that those in possession of property are rightly in possession. Under common law or statutory provisions declaratory of the common law, a rebuttable presumption of ownership arises from possession of real property, and from the possession of personal property, unless the ownership of the property is conceded to be in someone else." 73 Corpus Juris Secundum 211.

The Faasua people through Faailo are asserting ownership of the surveyed tract in possession of Aufotu, a Leasau man. They have the burden of establishing it.

"Under general rules, one asserting a title has the burden of establishing it." 73 Corpus Juris Secundum 213.

The first Leasau and the first Nua were brothers. A Faasua of Luma married a daughter of Leasau. Faasua Vaovasa later became the Leasau. These items of evidence make it clear as to why some Faasua people may at one time have had some plantations on Suasua as well as some houses before Nua built a guest house on Suasua in 1938. However, Puni, Faailo's brother, testified that there was no relationship between the Faasua title and the Nua title. It does not appear that the Faasua people objected when Nua, married to a Leasau woman, built his guest house on Suasua and occupied it for many years. Of course, the Leasau people did not object when Faailo and Agatonu built their small living house on the surveyed tract after they were married about 1940 because Agatonu was a Leasau man through his mother Tauamo, a Leasau woman.

The very fact that Aufotu, a Leasau man, has occupied and possessed the part of Suasua included in the survey for many years creates a presumption in his favor that the land is the communal family land of the Leasau title. Both of the judges are of the opinion, despite the conflict in the testimony, that the great weight of evidence is to the effect that the surveyed tract offered for registration is the communal family land of the Leasau Family of Siufaga. The Faasua title is attached to Luma, not Siufaga, while the Leasau title is attached to Siufaga.

### DECREE

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the part of the land Suasua included in the survey accompanying the offer to register and described as follows: "Beginning at a concrete monument at the northeast corner of the 0.092 acre parcel of land deeded to the Roman Catholic Church, thence run N 78°32′58″ E a dis-

tance of 167.30 feet to a second concrete monument, thence N 68°27'09" E a distance of 48.90 feet to an iron pin, thence N 27°26'00" E a distance of 21.40 feet to a second iron pin, thence N 67°27'31" E a distance of 29.10 feet to a third iron pin, thence N 34°33'58" W a distance of 135.80 feet to a fourth iron pin, thence S 67°14'13" W a distance of 68.80 feet to a fifth iron pin, thence S 3°22'56" E a distance of 65.00 feet to a sixth iron pin, thence S 35°44'55" W a distance of 29.40 feet to a seventh iron pin, thence S 72°26'26" W a distance of 14.50 feet to an eighth iron pin, thence S 76°45'39" W a distance of 95.00 feet to a third concrete monument, thence S 14°58'13" E a distance of 52.10 feet to the point of beginning." shall be registered as the communal family land of the Leasau title attached to the Village of Siufaga in Ta'u, Manua.

The above described land contains 0.51 acres more or less. Bearings refer to the true meridian.

Costs in the sum of $12.50 are hereby assessed against Faailo, the same to be paid within 30 days.